IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STEVEN BUSBEE, | Case No. 3:24cv364-P |
| Plaintiff, | |
| v. | |
| SERVICETODAY!, | |
| Defendant. | |

**PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF
DEFAULT JUDGMENT AGAINST BOY'S PUMBLING D/B/A SERVICETODAY!,
BOY'S MECHANICAL D/B/A SERVICETODAY!
AND BOY'S ELECTRICAL D/B/A SERVICETODAY!**

Pursuant to Rule 55(b), Plaintiff, Steven Busbee ("Plaintiff" or "Busbee"), hereby submits this Motion and Memorandum for an entry of a Default Judgment against Defendant Boy's Plumbing d/b/a ServiceToday!, Boy's Electric d/b/a ServiceToday!, and Boy's Mechanical d/b/a ServiceToday! (collectively "Defendant" or "ServiceToday").

**I.    STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY**

1.    Plaintiff is a natural person residing in Hurst, Texas. (*See* Plaintiff Certification)

2.    Defendant ServiceToday is a business entity with a mailing address at 9609 Girard Avenue South, Bloomington, Minnesota, 55075. Doc. No. 1, ¶ 3.

3.    ServiceToday! provides electrical, plumbing, mechanical, and heating/AC services, and is an assumed name used by Boy's Plumbing, Boy's Electric, and Boy's Mechanical in Bloomington, Minnesota. See Exhibit "A".

4.    All three entities were served on June 18, 2024, with each certificate of service indicating they do business as ServiceToday!  Doc. No. 10.

1

5. Plaintiff registered his cellular telephone number 3700 on the Do Not Call Registry in or around December 4, 2009. (Plaintiff Cert.)

6. Plaintiff never consented to receiving texts from Defendant. Nonetheless, ServiceToday placed three (3) text messages to Plaintiff soliciting heating and air conditioning services. (Plaintiff Cert.; Plaintiff Cert. Ex. A, Text Messages)

7. On May 1, 2022 at 4:33pm, Defendant sent the following text message to Plaintiff

> Hey, this is Alex with ServiceToday Air Conditioning and Heating. Your A/C is in between seasons and now is the time to tuneup your system and calibrate your air flow. We wanted to reach out and offer a Free System Maintenance as one of our valued customers. I only have a few openings that I need to fill next week. Do you prefer am or pm?

(Plaintiff Cert.; Plaintiff Cert. Ex. A, Text Messages)

8. Plaintiff responded to the text message indicating the text was unsolicited and that his number was on the Do Not Call Registry.
(Plaintiff Cert.; Plaintiff Cert. Ex. A, Text Messages)

9. Despite this response, on July 22, 2022 at 6:17pm, Defendant sent the following text message to Plaintiff:

> Hey, this is Sam with ServiceToday Air Conditioning and Heating. We wanted to reach out and offer a Free System rejuvenation tuneup. I only have a few openings that I need to fill next week. Do you prefer morning or afternoon?

(Plaintiff Cert.; Plaintiff Cert. Ex. A, Text Messages)

10. On July 23, 2022 at 5:57pm, Defendant sent another text message to Plaintiff:

> Hey, this is Sam again, Just reaching out because I haven't heard from you. I don't want you to miss out on this time sensitive offer. Do you need more information?

(Plaintiff Cert.; Plaintiff Cert. Ex. A, Text Messages)

11. The following day, on July 24, 2022 at 5:48pm Defendant yet another message to Plaintiff:

2

>This is the last day to take advantage of our free complementary system tune up. The regular price is $119. I would hate for you to miss out on this great offer. What should we do?

(Plaintiff Cert.; Plaintiff Cert. Ex. A, Text Messages)

12. On September 1, 2022 at 1:40pm, Defendant sent the following message to Plaintiff:

>Hey, this is Sarah with ServiceToday. We wanted to reach out and offer a Free System tuneup. I only have a few openings that I need to fill next week. Do you prefer morning or afternoon?

(Plaintiff Cert.; Plaintiff Cert. Ex. A, Text Messages)

13. On September 2, 2022 at 1:20pm, Defendant sent the following text message to Plaintiff:

>Hey, this is Sarah again, Just reaching out because I haven't heard from you. I don't want you to miss out on this time sensitive offer. Do you need more information?

(Plaintiff Cert.; Plaintiff Cert. Ex. A, Text Messages)

14. The following day, on September 3, 2022 at 1:18pm Defendant sent the following message to Plaintiff:

>This is the last day to take advantage of our free complementary system tune up. The regular price is $119. I would hate for you to miss out on this great offer. What should we do?

(Plaintiff Cert.; Plaintiff Cert. Ex. A, Text Messages)

15. Each text was sent to Busbee for solicitation purposes after his number had been on the Do Not Call Registry for over 30 days.

16. Accordingly, Busbee sued ServiceToday for violation of 47 U.S.C. §227(b) and (c), violation of the Texas Business and Commerce Code ("TBCC") § 305.053 and § 302.101, and Intrusion Upon Seclusion. Doc. No. 1.

17. ServiceToday was served on July 17, 2023. Doc. No. 6.

18. ServiceToday also failed to answer and, Busbee moved for default. Doc. No. 9. The Court entered default against ServiceToday on August 30, 2023. Doc. No. 10.

19. Plaintiff now seeks default judgment.

20. There were seven §227(b) and (c) violations, three § 305.053 violations, and three § 302.101 violations. Plaintiff is entitled to $3,500.00 in statutory damages under §227(b) and $3,500 in statutory damages under §227(c), which would be trebled at $21,000.00 because the violations were knowing and willful. Plaintiff is entitled to $3,500.00 in statutory damages under § 305.053, which would be trebled at $10,500.00 because the violations were knowing and willful. Finally, Plaintiff is entitled to $35,000 in statutory damages under § 302.101, in addition to $425[1] in attorney's fees and $542[2] in costs. Busbee seeks judgment in the amount of $66,500 plus $967 attorney's fees and costs.

II. **ARGUMENT**

A. **Standard for Default Judgment**

Pursuant to Rule 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." When a defendant fails to respond, his default is considered an admission of the plaintiff's well-pleaded

---

[1] As counsel seeks fees only under this section of the TBCC, fees are minimal, and include a portion of the time communicating with the client, review of the database, and preparation of the Complaint and additional pleadings in this matter. Counsel seeks only one hour of time related to this specific claim, at a rate of $425 per hour.
[2] Filing Fee ($405) and Service ($137)

allegations of fact related to liability. *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

### B. Plaintiff is entitled to default judgment against Boy's Plumbing d/b/a ServiceToday!, Boy's Mechanical d/b/a ServiceToday! and Boy's Electrical d/b/a ServiceToday!

Because of Defendant's default, Busbee's allegations as set forth above are now uncontroverted, entitling his to a judgment in their favor for Defendant's violations of the TCPA and the Texas Business and Commerce Code.

Plaintiff has pled facts showing that Defendant violated the TCPA. The TCPA authorizes "a person" to bring a private cause of action against callers who make "any call using an automatic telephone dialing system or prerecorded voice to any telephone number assigned to a...cellular telephone..." See 47 U.S.C.§227(b)(1)(A)(iii); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

To prove a claim under 227(b) the TCPA, Plaintiff need only show: (1) Defendant called a cellular telephone; (2) Plaintiff was the subscriber or the primary user of the phone (the "called party"); and (3) an automatic telephone dialing system or prerecorded voice was used. See 47 U.S.C.§227(b)(1)(A)(iii); *Bates v. I.C. Sys.,* 2009 WL 3459740 at *2 (W.D.N.Y. Oct. 19, 2009); *King v. Time Warner Cable*, 2015 WL 4103689 at *5 (S.D.N.Y. July 7, 2015); *Echevvaria v. Diversified Consultants, Inc.*, 2014 WL 929275 at * 4 (S.D.N.Y. Feb. 28, 2014) (citing *Alea London Ltd. v. Am. Home Servs., Inc.,* 638 F.3d 768, 776 (11th Cir., *cert denied*, 132 S. Ct. 553 (2011); *Breslow v. Wells Fargo Bank, N.A.*, 857 F.Supp.2d 1316, 1319 (S.D.Fl. 2012); *Soppet v. Enhanced Recovery Co.,* 2011 WL 3704681 at *1 (N.D.Ill. Aug. 21. 2011).

Here, Plaintiff's Complaint clearly pleads that Defendant used an automated telephone dialing system, in violation of 227(b). Doc. No. 1. Plaintiff has presented evidence he used his

5

phone for residential purposes and received seven text messages for air conditioning and heating services. *See* Plaintiff Cert.

Here as Defendant has not filed any answer or other responsive pleading, it has asserted no affirmative defenses and has provided no evidence to meet its burden of proving any such defense – Defendant bears the burden of pleading and proving affirmative defenses to TCPA claims. See Docket; See *Moore v. Firstsource Advantage LLC,* 2011 WL 4345703 at *10 (W.D.N.Y. Sept. 15, 2011); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251 (11th Cir. 2014); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 640 (7th Cir. 2012). Plaintiff also has screenshots confirming the identity of the calling parties. Ex. A. The TCPA provides for statutory damages of $500 to $1,500 per violative call/text. (See §227(b)(3)(C); *Bridgeview Health Care Ct. Ltd. v. Clark*, 2013 WL 1154206 at *7 (N.D.Ill. Mar. 19, 2013)). The attached screenshots provide the dates and times of texts from Defendant. *See* Ex. A.

Section 227(c) of the TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c). ServiceToday sent text messages to Plaintiff despite the fact that Plaintiff's phone number had been on the Do Not Call Registry since 2020. Violation of this section entitles Plaintiff to $500 per text, which can be trebled by the Court for knowing or willful violations. Any person that violates §227 of the TCPA also violates TBCC § 305.053, entitling Plaintiff to an additional $500 per text, or $1,500 per text for knowing and intentional violations. Here, Defendant knew its texts were unwanted since Plaintiff responded to the first text indicating his number was on the Do Not Call Registry, but continued texting Plaintiff anyway, entitling Busbee to treble damages under both sections.

Further, the ability for TCPA plaintiffs to recover for multiple violations under 227(b) and 227(c) arising out of a single call is well established by precedent. See *Thompson v. Dealer Renewal Servs*., No. 4:21-cv-0467-P, 2021 U.S. Dist. LEXIS 223424/ 2021 WL 5416605 (N.D. Tex. Nov. 18, 2021) (Pittman, J.) (assessing damages against the defendant for 22 calls with damages being applied under 227(b), 227(c) and the Texas Business and Commerce Code for each call); See *Schumacher v. Cap. Advance Sols., LLC*, No. H-18-0436, 2020 U.S. Dist. LEXIS 112130, 2020 WL 3474420, at *2 (S.D. Tex. June 8, 2020), report and recommendation adopted, No. H-18-0436, 2020 U.S. Dist. LEXIS 111864, 2020 WL 3470505 (S.D. Tex. June 25, 2020) (same);. *Charvat v. NMP, LLC*, 703 F. Supp. 2d 735, 740 (S.D. Ohio 2010) (damages can be stacked for multiple violations within a single call).

§ 302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made. Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State. The undersigned confirmed Defendant is not included in this database by searching Defendant's name at https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp. §302.30 2(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Here Plaintiff seeks $5,000 for each violative text under the TBCC[3].

---

[3] The Federal Communications Commission, the agency charged with implementing the TCPA, has interpreted the TCPA to "encompass[ ] both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls," generally termed text messages. (In re Rules & Regulations Implementing the TCPA of 1991, 18 F.C.C. Rcd. 14014, 14115 (2003); see also Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 667 (2016) ("A text

Here as Defendant has not filed any answer or other responsive pleading, it has asserted no affirmative defenses and has provided no evidence to meet its burden of proving any such defense – the Defendant bears the burden of pleading and proving affirmative defenses to the claims. (*See* Docket; *See Moore v. Firstsource Advantage LLC*, 2011 WL 4345703 at *10 (W.D.N.Y. Sept. 15, 2011); Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1251 (11th Cir. 2014); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 640 (7th Cir. 2012)). Moreover, the Plaintiff has clearly pled that Plaintiff never consented to the texts. Doc. No. 1. Plaintiff also has screenshots and call logs reflecting the unlawful texts. See Exhibit A to Certification.

Value of Judgment for §227(b) claims: **$10,500**

Value of Judgment for §227(c) claims: **$10,500**

Value of Judgment for §305.053 claims: **$10,500**

Value of Judgment for § 302.101 claims: **$35,000** plus **$967** attorney's fees and costs.

In total, Plaintiff seeks a default judgment in the amount of **$67,467.**

### III.    CONCLUSION

For the foregoing reasons, Plaintiff Steven Busbee moves this Honorable Court for an entry of default judgment against Defendants Boy's Electrical d/b/a ServiceToday!, Boy's Plumbing d/b/a ServiceToday! and Boy's Mechanical d/b/a ServiceToday! in the amount of $67,467.

---

message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)."). We ask that this court adopts this interpretation to qualify text messages as violations under the Texas Business and Commerce Code.

Respectfully submitted,

GINSBURG LAW GROUP, P.C.

By: */s/ Amy L. B. Ginsburg*
AMY L. B. GINSBURG
653 W. Skippack Pike, Suite 300-71
Blue Bell, PA 19422
Telephone: (855) 978-6564
Facsimile: (855) 777-0043
Email: aginsburg@ginsburglawgroup.com

Dated: September 23, 2024

## CERTIFICATE OF SERVICE

I, Amy L. B. Ginsburg hereby certify that a true and correct copy of the memorandum in support of default judgment motion was electronically filed with the Clerk of Court and transmitted to all parties of record via ECF and sent to Defendant ServiceToday! at the below address via US Mail:

Boy's Mechanical d/b/a ServiceToday!
9609 Girard Avenue South
Bloomington, Minnesota, 55075.

Boy's Plumbing d/b/a ServiceToday!
9609 Girard Avenue South
Bloomington, Minnesota, 55075.

Boy's Electrical d/b/a ServiceToday!
9609 Girard Avenue South
Bloomington, Minnesota, 55075.

Date: September 23, 2024         */s/ Amy L. B. Ginsburg*