UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**STEVEN BUSBEE,**

    Plaintiff,

v.                                                    No. 4:24-cv-00364-P

**SERVICETODAY!,**

    Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff's Motion for Default Judgment. ECF No. 14. Having considered the Motion, supporting documentation, and the applicable law, the Court concludes that the Motion should be and is hereby **GRANTED**.

## BACKGROUND

Plaintiff Steven Busbee brought this action against Defendants Boy's Plumbing Inc.; Boy's Electric, LLC; and Boy's Mechanical, Inc.; which collectively do business as ServiceToday! ("ServiceToday"). ECF Nos. 1, 10. ServiceToday provides electrical, mechanical, and HVAC services. ECF No. 1. Since 2009, Plaintiff's telephone number has been registered in the federal Do Not Call Registry. *Id.* at 2. Nevertheless, Busbee received seven text messages soliciting business from ServiceToday. *Id.* at 2–3. Busbee repeatedly responded to those messages, explaining that they were unsolicited and that his number was on the Do Not Call Registry. *Id.* at 2. But the unsolicited messages did not stop, and ServiceToday did not acknowledge Busbee's responses. *Id.*

Busbee sued ServiceToday under the Telephone Consumer Protection Act and analogous Texas statutes. *Id.* ServiceToday failed to respond or otherwise defend against Busbee's claims. The clerk entered default. ECF No. 12. The Court then ordered Busbee to move for default judgment, which is now before the Court. ECF Nos. 13, 14.

## LEGAL STANDARD

A plaintiff may move for default judgment under Federal Rule of Civil Procedure 55. FED. R. CIV. P. 55(a). However, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Courts use a three-step analysis to determine whether a party can secure a default judgment. *Wattiker v. Elsenbary Enters., Inc.*, No. 3:22-cv-940-B-BN, 2023 WL 5167023, at *1 (N.D. Tex. May 19, 2023), *report and recommendation adopted*, No. 3:22-cv-940-B, 2023 WL 5167019 (N.D. Tex. June 13, 2023) (quoting *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). *First*, a party must fail to respond or otherwise defend against an action. *Wattiker* at *1. *Second*, an entry of default must be entered when the default is established by affidavit or otherwise. *Id*. *Third*, a party must apply to the court for a default judgment after the Clerk's entry of default. *Id*.

Next, although the defendant effectively concedes the allegations in the plaintiff's complaint by defaulting, the Court still must evaluate the pleadings to ensure the sufficiency of the complaint. *See Nishimatsu Constr. Co. v. Hous. Nat. Bank*, 515 F.2d 1200, 1201 (5th Cir. 1975). District courts refer to Federal Rule of Civil Procedure 8 to determine the adequacy of pleadings. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Under Rule 8(a)(2), a pleading must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 497 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but "detailed factual allegations" are not required. *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ANALYSIS

Busbee satisfies the procedural and substantive requirements for a default judgment. Defendant ServiceToday has failed to defend the claims against it. The Clerk of the Court entered default upon Busbees' request, and the request was properly supported by affidavits. ECF Nos. 11, 12. Busbee has timely filed a Motion for Default Judgment. ECF No. 14. The decision to enter a default judgment is discretionary, and the Court will resolve any doubt in favor of the defaulting party. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

In exercising the Court's discretion, it should consider whether: (1) default judgment is procedurally warranted; (2) there is a sufficient factual basis in the complaint that would entitle the plaintiff to judgment; and (3) the specific dollar amount of damages can be determined with mathematical calculation using information in the pleadings and supporting documents. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). The Court addresses each in turn.

### A. Procedural Requirements

The Court must first determine whether default is procedurally warranted. In doing so, the Court considers whether: (1) there is an issue of material fact; (2) substantial prejudice is present; (3) proper grounds for default are clearly established; (4) the defaulting party made a good-faith mistake or committed excusable neglect; (5) default judgment would be a harsh remedial measure; and (6) the Court would feel obligated to set aside default upon a defendant's motion. *See Davis v. Parkhill-Goodloe Co., Inc.*, 302 F.2d 489, 495 (5th Cir. 1962).

*First*, Busbee's well-pleaded complaint raises a right to relief. Accordingly, the Court finds that Defendant ServiceToday has failed to file an answer to Busbee's Complaint. *Second,* ServiceToday's failure to defend the claims against them has halted the adversarial process, causing substantial prejudice to Busbee. Defendant was served the summons and had an opportunity to respond to the Complaint. *See* ECF No. 10. So, there is no substantial prejudice against ServiceToday. *Third*, ServiceToday's failure to participate in this litigation establishes the requisite grounds for default. *Fourth,* there is no reason to believe

ServiceToday is acting under a good-faith mistake or excusable neglect. *Fifth*, a default judgment is not harsh because it is the exact procedural device necessary for the Court to maintain its docket's efficiency in such circumstances. *See Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (explaining the policy in favor of resolving cases on their merits is "counterbalanced by considerations of social goals, justice and expediency, a weighing process that lies largely within the domain of the trial judge's discretion"). *Sixth*, nothing in the record suggests that the Court would set aside its putative default against ServiceToday if it were to move for such relief. Based on these factors, the Court concludes that a default judgment is procedurally warranted.

### B. Entitlement to Judgment

The Court next assesses whether the factual contents of the pleadings provide a sufficient basis for default judgment. *See Lindsey*, 161 F.3d at 886. Busbee asserts claims against ServiceToday for violations of two sections of the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. §§ 227(b)(1)(A)(iii), 227(c)) and two sections of the Texas Business and Commerce Code (TEX. BUS. & COM. CODE §§ 305.053, 302.101). ECF No. 1 at 4–7. Busbee alleges that these claims arise from ServiceToday texting Busbee seven times from May to September of 2022, despite Busbee's number being on the Do Not Call Registry since 2009. *Id.* at 2.

As analyzed below, the factual allegations in the complaint and supporting affidavits do raise a right to relief, and ServiceToday is therefore presumed liable for the claims alleged in the Complaint.

1. <u>47 U.S.C. § 227(b)</u>

A TCPA violation occurs when "(1) the defendant [messages] a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior consent." *Adams v. Safe Home Sec. Inc.*, No. 3:18-CV-03098, 2019 WL 3428776, at *1 (N.D. Tex. July 30, 2019) (Lynn, J.) (internal quotation marks omitted). A person claiming the violation is entitled "to receive $500 in damages for each such violation," and "if the court finds that the defendant willfully or knowingly violated" the TCPA, "the court may, in its discretion, increase

4

the amount of the award" up to $1,500.00 per violation. 47 U.S.C. § 227(b)(3). Busbee has alleged sufficient facts to show that ServiceToday messaged his telephone number and that this was done without Busbee's consent. *See* ECF No. 1 at 4–5.

However, courts note the difficulty in showing that the message was sent with an automatic telephone dialing system ("ATDS") and use details of the messages to infer the use of an ATDS. *See Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-CV-0337-M, 2017 WL 10486988, at *3 (N.D. Tex. Nov. 2, 2017) (Lynn, J.). Here, Busbee alleges that although he repeatedly asked ServiceToday to stop contacting him, these messages were ignored, and ServiceToday instead continued to solicit his business. *See* ECF No. 1 at 2–3. Those allegations give rise to a reasonable inference that ServiceToday used an ATDS. Consequently, there are sufficient factual allegations to entitle Busbee to judgment for the violation of Section 227(b)(1)(A)(iii).

2. <u>47 U.S.C. § 227(c)</u>

Section 227(c) instructed the Federal Communications Commission to create the National Do Not Call Registry. 47 U.S.C. § 227(c). The Act then created a private right of action to "[a] person" on the Do Not Call Registry "who has received more than one telephone call within a 12-month period by or on behalf of the same entity." § 227(c)(5). Text messages are included within the meaning of "telephone calls" under the TCPA. *See Cranor v. 5 Star Nutrition, LLC*, 2021 WL 5416605, 690–91 (5th Cir. 2021). If a defendant violates this section, the person receiving the messages is entitled to receive up to $500 in damages per violation. 47 U.S.C. § 227(c)(5)(B). Further, "[i]f the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available." *Id.* § 227(c)(5).

Here, Busbee has alleged sufficient facts to show that he is on the Do Not Call Registry and that he received multiple messages from ServiceToday within a five-month period. Consequently, default judgment is proper for the alleged violation of Section 227(c).

5

### 3. TEX. BUS. & COM. CODE § 305.053

Section 305.053 creates a cause of action for a person who receives a communication that violates 47 U.S.C. § 227. *See* TEX. BUS. & COM. CODE § 305.053(a). A person who prevails in an action for Section 305.053 is entitled to $500 per violation. The court may increase the amount to a maximum of $1,500 per violation if the court finds that the defendant committed the violation knowingly or intentionally. § 305.053(c)(1)–(2).

As the Court discussed previously, Busbee is entitled to default judgment for his Section 227 claims. But because he can recover damages under the TCPA, the one-satisfaction rule prohibits him from recovering under Section 305.053 for the same violations. *Masters v. Wells Fargo Bank S. Ctr., N.A.*, No. A-12-CA-376-SS, 2013 WL 3713492, at *3 (W.D. Tex. July 11, 2013) ("There is no indication in either the TCPA or in [Section 305.053] that either legislative body intended to allow double recovery under both state and federal law for the same TCPA violations."); *Shields v. Gawk Inc.*, No. 3:18-cv-00150, 2019 WL 1787781, at *5 (S.D. Tex. Apr. 24, 2019), *report and recommendation adopted*, 2019 WL 2103423 (S.D. Tex. May 14, 2019). Busbee therefore cannot recover additional damages under Section 305.053.

### 4. TEX. BUS. & COM. CODE § 302.101

Section 302.101 prohibits a seller from "mak[ing] a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." TEX. BUS. & COM. CODE § 302.101. Allegations that the Defendant made telephone solicitations without a registration certificate are sufficient to state a claim for relief. *See Barack v. Bankroll Cap., Inc.*, No. 4:23-cv-00615-O, 2024 WL 3015327, at *3 (N.D. Tex. May 30, 2024), *report and recommendation adopted*, No. 4:23-cv-00615-O, 2024 WL 3015317 (N.D. Tex. June 14, 2024) (O'Connor, J.). "A person who violates this chapter is subject to a civil penalty of not more than $5,000 for each violation" and is entitled to recover all reasonable costs such as attorney's fees. TEX. BUS. & COM. CODE § 302.302(a), (d).

6

Here, Busbee alleged that the messages at issue were sent from a seller that does not possess a registration certificate. *See* ECF No. 1 at 3–4. The Court takes judicial notice of the registration database available at direct.sos.state.tx.us/telephone/TelephoneSearch.asp. ServiceToday does not appear in the database. That alone is enough to entitle Busbee to default judgment under this section.

**5. Damages**

When a defendant defaults, "the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *Jackson v. FIE Corp.*, 302 F.3d 515, 525 (5th Cir. 2002). Damages must be proven by a hearing or a demonstration of detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, a hearing is unnecessary if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents. *Id.*

The above statutes offer clear mathematical calculations for damages, which can be determined from the pleadings. Thus, no hearing is required.

Furthermore, Sections 227(b), (c) provide that the Court may, at its discretion, increase the amount awarded per violation to $1,500 if the Court finds that the violations were committed willfully or knowingly. 47 U.S.C. §§ 227(b)(3), (c)(5). "A willful or knowingly violation does 'not require[e] bad faith, but only that the person ha[s] reason to know, or should have known, that his conduct would violate the statute.'" *Hunsinger v. 204S6th LLC*, No. 3:21-CV-2847-G-BH, 2022 WL 111054, at *9 (N.D. Tex. Mar. 23, 2024) (quoting *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 299 (W.D. Tex. 2001)), *report and recommendation adopted*, No. 3:21-CV-2847-G-BH, 2022 WL 1102864 (N.D. Tex. Apr. 13, 2022). Busbee repeatedly responded to the text messages explaining that he did not wish to receive further messages and that he was on the Do Not Call Registry. *See* ECF No. 1 at 2–3. Thus, ServiceToday knew or reasonably should have known that it was violating the above provisions.

For the seven messages sent by ServiceToday, Busbee is entitled to:

1. For Section 227(b):     $500 × 7 × 3 = $10,500
2. For Section 227(c):     $500 × 7     = $3,500
3. For Section 302.101:     $5,000 × 7     = $35,000

Busbee is therefore entitled to a total of **$49,000** in statutory damages for the violations of the above three provisions.

As for fees, Busbee requests $425 for one hour of work, $405 for the filing fee, and $137 for service costs. ECF No. 14 at 4. Those fees and costs are minimal, and the Court finds the attorney's fee request to be eminently reasonable for the work conducted.

## CONCLUSION

For the above reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment. ECF No. 14. Plaintiff is entitled to default judgment against Boy's Plumbing Inc.; Boy's Electric, LLC; and Boy's Mechanical, Inc. in the amount of **$49,000** and reasonable attorney's fees and costs totaling **$967**.

**SO ORDERED** on this **4th day** of **October 2024.**

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE